Joseph R. GREER, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 28833.

United States Court of Appeals, Fifth Circuit.

July 24, 1970.

**8**

Joseph R. Greer, pro se.

John W. Stokes, Jr., U. S. Atty., Allen L. Chancey, Jr., Asst. U. S. Atty., for defendant-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM.

Joseph R. Greer applied for relief from a judgment of conviction and sentence under 28 U.S.C.A. § 2255 (1959) on the grounds: (1) that the court which tried him failed to comply with Rule 11, Fed. R.Crim.P., and (2) that he was under the influence of drugs at the time of his sentencing. After a plenary hearing, in which appellant competently acted as his own attorney, the district court denied his motion in a well-documented opinion. We affirm.[1]

■ The history of appellant's conviction proceedings shows that while represented by counsel, he pleaded guilty to three separate counts of bank robbery[2] on May 6, 1966 and on June 10, 1966. He now contends that the trial court accepted those pleas without first determining that they were voluntarily and understandingly made as required by Rule 11. The transcript of the arraignment proceedings positively refutes the appellant's contention. The record discloses that on both occasions when he pleaded guilty, an Assistant United States Attorney asked him in open court if his pleas were voluntarily and understandingly made and appellant responded affirmatively. At the time appellant pleaded guilty, it was not incumbent on the court to address the defendant personally and inquire into the voluntariness of the pleas, since the February 28, 1966 amendment to Rule 11 did not become effective until July 1, 1966. Moreover, appellant admitted at his 2255 evidentiary hearing that the guilty pleas were given freely and voluntarily.

■ Appellant further alleged that he could not fully understand the nature of the proceedings against him because he was under the influence of drugs at his sentencing on September 14, 1966. The only evidence proffered at the hearing in support of this claim was the testimony of two of his fellow prison inmates. One testified that he unlawfully gave the appellant 300 mg. of Seconal on the morning of the sentencing; the other testified that he saw the appellant take the drug. The district court obviously did not credit the testimony of these witnesses, and our review of the record convinces us that this finding was not clearly erroneous. Fed.R.Civ.P. 52(a). *See* Calloway v. Wainwright, 409 F.2d 59 (5th Cir.), cert. denied 395 U.S. 909, 89 S.Ct. 1752, 23 L.Ed.2d 222 (1969); Tyler v. Beto, 391 F.2d 993 (5th Cir. 1968) cert. denied 393 U.S. 1030, 89 S.Ct. 642, 21 L.Ed.2d 574 (1969); Cooper v. Holman, 356 F.2d 82 (5th Cir.), cert. denied 385 U.S. 855, 87 S.Ct. 103, 17 L.Ed.2d 83 (1966).

The judgment of the district court is affirmed.

Affirmed.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), since appellant has failed to file a brief within the time fixed by F.R.A.P. 31. Kimbrough v. Beto, 412 F.2d 981 (5th Cir. 1969).

2. In violation of 18 U.S.C.A. § 2113(a) & (d) (1951). Two of the robbery counts were based on robberies which took place in the State of New York and were transferred pursuant to Rule 20; the third count charged robbery of an Atlanta, Georgia bank.